UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SIMONE DICKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:22-cv-02363 (UNA) |
| DAVID MELIUS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a *pro se* complaint, ECF No. 1. The court will grant the IFP application and dismiss the complaint for the reasons explained herein.

Plaintiff, a resident of Reston, Virginia, sues Schenectady New York's Child Protective Services and three of its employees. She seeks damages and expresses her intent to press criminal charges against defendants, for allegedly "falsifying documents and staging events" to deny her custody of her children. She goes on to accuse defendants of child trafficking and for retaliating against her because two of the defendants allegedly had affairs with plaintiff's ex-husband.

Plaintiff faces hurdles here that she cannot overcome. Notably, she has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331, 1332. Insofar as plaintiff contests the state custody determinations, any such allegations, as stated, fail to implicate constitutional or federal statutory rights, and as such, should be contested in the relevant local court where the proceedings were held. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see*

*also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts). "Events may not have unfolded as Plaintiff wished, but h[er] dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

Moreover, federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

To the extent that plaintiff intends to rely on diversity of citizenship, it is a "well-established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Here, while plaintiff resides in Virginia, and the defendants are located in New York, there is a complete absence of any connection between the intended claims and the District of Columbia. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

Furthermore, insofar as plaintiff seeks resolution through criminal charges, "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another," *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Consequently, she may not initiate criminal proceedings against defendants by filing a complaint with this court. *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to

institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same). Similarly, plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a complaint with the court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

For all of the foregoing reasons, the complaint, ECF No. 1, and this case are dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: October 13, 2022                         _____ s/s_____
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge